UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH,<br><br>　　Plaintiff,<br><br>　v.<br><br>PHEIFFER, et al.,<br><br>　　Defendants. | Case Number 1:22-cv-01412-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　Michael Manjeet Singh ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.　　PROCEDURAL BACKGROUND**

　　Plaintiff sent a letter to the Clerk of Court in the Northern District of California, which requested the necessary forms to file a civil rights action pursuant to Section 1983. (ECF No. 1). On, April 18, 2022, the Northern District Clerk opened this case based upon that letter, and mailed Plaintiff the necessary forms, including the civil complaint form and application to proceed *in forma pauperis*, along with instructions to return the forms within 28 days. (See ECF Nos. 3 and 4). On May 18, 2022, this case was dismissed without prejudice because the Court had not received a response from Plaintiff within the deadline. (ECF No. 7).

On May 27, 2022, Plaintiff filed his complaint (ECF No. 9) and motion for leave to proceed *in forma pauperis* (ECF No. 10). On May 31, 2022, Plaintiff filed a letter that argued he had timely submitted the necessary forms within the Court's deadline under the prisoner mailbox rule. (ECF No. 13).

On November 2, 2022, District Judge Jeffrey S. White issued an order vacating dismissal and judgment and reopening this case. (ECF No. 19). Because Plaintiff's complaint arises from an incident which occurred at Kern Valley State Prison, the case was also transferred to the Eastern District. (Id.)

As Plaintiff's motion to proceed *in forma pauperis* was pending at the time of transfer, the Clerk of Court directed the California Department of Corrections and Rehabilitation to submit a certified prison trust account statement for Plaintiff's account. (ECF No. 22).

## II.   DISCUSSION

The Court will recommend that Plaintiff's application be denied. As Plaintiff had $13,485.32 in his prison trust account at the time he filed this action (ECF No. 23, p. 1), it appears that Plaintiff can afford to pay the filing fee for this action.

Additionally, given that Plaintiff's account balance has been over $12,887.57 for the entirety of the last six months (id.), it appears that Plaintiff would be required to pay the filing fee in full immediately even if the Court granted Plaintiff's application. 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.").

Therefore, the Court will recommend that Plaintiff's application to proceed in forma pauperis will be denied and that Plaintiff be required to pay the filing fee of $402.00 for this action in full.

//

### III. CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's application to proceed in forma pauperis be DENIED; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **November 7, 2022**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE