UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN PHEIFFER, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-01412-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Michael Manjeet Singh ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 9). On April 3, 2023, the Court screened Plaintiff's complaint, concluding that Plaintiff's complaint states cognizable claims against Defendants Veith, Fowler, and Diaz and fails to state cognizable claims against the remaining Defendants named in Plaintiff's complaint. (ECF No. 28). The screening order directed Plaintiff to either file a First Amended Complaint, notify the Court that he wished to proceed only on his claims against Defendants Veith, Fowler, and Diaz, or notify the Court in writing that he wished to stand on his complaint, within thirty days. (*Id.* at pp. 17-18). Plaintiff has not followed any allowed course of action and the deadline to do so has passed. Because Plaintiff has failed to prosecute this case and comply with the Court's order, the Court recommends dismissal of this case without prejudice.

1

## I. BACKGROUND

Plaintiff's complaint generally arises from an incident between Plaintiff and Defendants Veith, Diaz, and Fowler that took place after Plaintiff arrived at Kern Valley State Prison. Plaintiff alleges that Defendants Veith, Diaz, and Fowler attacked Plaintiff when Plaintiff asked for assistance and refused to provide Plaintiff with immediate medical attention. Plaintiff also alleges that other correctional officers refused or otherwise delayed medical attention.

Plaintiff's complaint asserts constitutional claims against Defendants Veith and Fowler for excessive force in violation of the Eighth Amendment. Plaintiff's complaint also asserts claims against Defendants Veith, Fowler, and Diaz for failure to protect in violation of the Eighth Amendment. Plaintiff's complaint also asserts claims for unsafe conditions in violation of the Eighth Amendment against Defendants Veith, Fowler, Diaz, and the lieutenant and sergeants who exited their officers during the medical code initiated to respond to Plaintiff. Additionally, Plaintiff's complaint asserts claims for deliberate indifference to serious medical needs against Defendants Veith, Fowler, Diaz, Warden Pfeiffer, the captain that came to Plaintiff's cell following the incident, and the lieutenant and sergeants. Plaintiff's complaint also asserts state law claims against Defendants Veith, Fowler and Diaz for negligent failure to protect and the misuse of state property to create a dangerous condition, as well as a medical negligence claim against all defendants.

On April 3, 2023, the Court screened Plaintiff's complaint and found that Plaintiff's complaint stated some cognizable claims. (ECF No. 28). Specifically, the Court found that the following claims should proceed past screening: Plaintiff's claims against Defendants Veith and Fowler for excessive force in violation of the Eighth Amendment; Plaintiff's claims against Defendants Veith, Fowler, and Diaz for deliberate indifference to a serious medical in violation of the Eighth Amendment; Plaintiff's state law claims against Defendants Veith, Fowler, and Diaz for negligent failure to protect and failure to summon medical care. (*Id.* at p. 17). The Court found that Plaintiff failed to state cognizable claims against the remaining Defendants named in Plaintiff's complaint.

The Court provided Plaintiff with relevant legal standards regarding Plaintiff's constitutional and state law claims. (*Id.* at pp. 8-17). The Court gave Plaintiff leave to either file

an amended complaint, notify the Court that he wished to proceed only on the claims found cognizable in the Court's screening order, or notify the Court in writing that he wished to stand on his complaint. (*Id.* at pp. 17-18). The Court advised Plaintiff that if he chose to stand on the filed complaint, the Court would issue findings and recommendations to a district judge consistent with the Court's screening order. (*Id.* at p. 17). Finally, the Court provided that failure to comply with the screening order "may result in the dismissal of this action." (*Id.* at p. 18).

## II.   ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to file an amended complaint or otherwise notify the Court that he wants to proceed on the claims found cognizable in the Court's screening order or stand on his complaint as required by a court order. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence

will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from unnecessary expenditure of its scarce resources. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III.     CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\
\\\

4

1 | Plaintiff is advised that failure to file objections within the specified time may result in the
2 | waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing
3 | *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2023**                                   /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE