# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN PHEIFFER, *et al.*,<br><br>　　　　Defendant. | Case No. 1:22-cv-01412-KES-EPG (PC)<br><br>ORDER CONVERTING MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 56) |

　　　Michael Manjeet Singh ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 28). This case now proceeds on "Plaintiff's claims against Defendants Veith and Fowler for excessive force in violation of the Eighth Amendment; Plaintiff's claims against Defendants Veith, Fowler, and Diaz for deliberate indifference to a serious medical in violation of the Eighth Amendment; Plaintiff's state law claims against Defendants Veith, Fowler, and Diaz for negligent failure to protect and failure to summon medical care." (*Id*., at p. 17).

　　　On September 27, 2024, Defendants filed a partial motion to dismiss Plaintiff's state law claims based on non-compliance with the California Government Claims Act. (ECF No. 56). Defendants also filed a request for judicial notice. (ECF No. 57). Plaintiff has also filed a request for judicial notice in response to Defendants' motion. (ECF No. 65).

　　　Because both parties have asked that the Court take judicial notice of documents outside of the complaint in order to resolve the motion, and because it is not clear from the face of the complaint whether Defendants are entitled to dismissal on the basis for failure to comply with

1

the California Government Claims Act, the Court will convert the motion to dismiss to a motion for summary judgment and provide the parties an opportunity to submit additional argument or evidence if they choose to do so.

## I. BACKGROUND

On September 27, 2024, Defendants filed a motion to partially dismiss Plaintiff's state law claims on the ground that Plaintiff failed to comply with California's Government Claims Act. (ECF No. 56). Also on September 27, 2024, Defendants filed a request for the Court to take judicial notice of a letter dated March 30, 2022 from the Government Claims Program explaining to Plaintiff that his claim received on October 19, 2021 did not include the $25 filing fee or fee waiver. (ECF No. 57). Defendants argued that, based in part on the document submitted for judicial notice, Plaintiff's state law claims should be dismissed.

On December 10, 2024, Plaintiff filed a request for the Court to take judicial notice of Check #1446 dated April 14, 2022 in the amount of $25 paid to the order of the Government Claims Program, as well as a copy of the back side of the check indicating that the State of California had deposited the check on May 2, 2022. (ECF No. 65).

On December 20, 2024, Defendants filed their reply. (ECF No. 68).

Thereafter, on January 31, 2025, Plaintiff filed a further response to Defendants' motion to partially dismiss complaint, arguing that, pursuant to Cal. Gov't Code § 911.3(b), the Defendants' defense as to the time limits for presenting a claim is waived because the Government Claims Program failed to give notice to Plaintiff within 45 days after the claim was presented that the claim was not timely filed. (ECF No. 75). Plaintiff's response again attached the $25 check to the Government Claims Program, along with a stamped copy of the check noting deposit by the State of California. (ECF No. 75, at p. 16-17).

Defendants have not filed a response to Plaintiff's latest submission.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12 permits a party to file a motion to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732

(9th Cir. 2001). "[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense...appears on its face." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007). "[E]ven when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face." *El-Shaddai v. Zamora,* 833 F.3d 1036, 1044 (9th Cir. 2016) (quoting *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007)).

"Generally, a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Group., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (footnote and citation omitted). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998 (9th Cir. 2018).

"When presented with 'matters outside the pleadings' in connection with a motion to dismiss for failure to state a claim under Rule 12(b)(6)…, the district court may choose to exclude such extrinsic matters and address the motion under the applicable Rule 12 standards, or it may convert the motion into "one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d)." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1059 (9th Cir. 2023). *See Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir. 1996) (finding conversion of motion to dismiss into one for summary judgment proper when the district court expressly relied upon Regulations nowhere in the record except for Defendant's affidavit).

"Before summary judgment may be entered against a party, that party must be afforded both notice that the motion is pending and an adequate opportunity to respond." *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). "Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify (a party's) opposition' to the motion. Fed.R.Civ.P. 56." *Id.* "Where the non-moving party is appearing *pro se,* the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment." *Garaux v. Pulley*, 739 F.2d 437, 439–40 (9th Cir. 1984).

## III. ANALYSIS

Here, both parties have submitted documents in connection with Defendants' motion to dismiss, and have both argued that the question of Plaintiff's compliance, or excuse from compliance, under the Government Claims Act requires the Court to evaluate documents submitted for judicial notice. Specifically, Defendants ask the Court to rely on the government's letter notifying Plaintiff that he had not submitted the required fee in connection with his submission of the claim to the Government Claims Board, and Plaintiff has asked the Court to rely on a copy of the check sent to the Board, as well as a copy of the back of the cashed check showing that the State of California deposited that check. Thus, neither party argues that the issue of Plaintiff's compliance, or excuse from compliance, can be determined on the face of Plaintiff's complaint.

Accordingly, the Court considers whether it should proceed to determine the Motion to Dismiss, and recommend denial of that motion to the extent that the issue is not clear on the face of the complaint, or convert the motion to dismiss to a motion for summary judgment.

Given that the legal issue is briefed in the parties' submissions, and that both parties ask the Court consider documents submitted, and considering that neither party has asked for an opportunity to take further discovery on this issue, the Court finds that conversion to a motion for summary judgment is proper. *See Anderson v. Angelone,* 86 F.3d at 934.

Accordingly, the Court will convert Defendants' partial motion to dismiss into a motion for summary judgment. Both parties will be given 30 days to submit additional argument or evidence if they choose to do so. Alternatively, either party may file a request to hold the motion in abeyance to allow for further discovery on this issue.

## IV. NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to *Rand v. Rowland*, 154 F.3d 952, the Court hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' motion for summary judgment.

\\\

4

**NOTICE AND WARNING:**

**The Court has converted Defendants' partial motion to dismiss into a motion for summary judgment. The motion for summary judgment seeks to have claims in your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, result in dismissal of certain claims from your case.**

**Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will result in dismissal of certain claims in your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, claims subject to Defendants' motion will be dismissed without a trial.**

\\\
\\\
\\\

---

[1] The substance of Rule 56(e) from the 1998 version, when *Rand* was decided, has been reorganized and renumbered with the current version of Rule 56(c).

**EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

**You are responsible for filing all evidentiary documents cited in the opposing papers. Local Rule 260(b). If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." See also Fed. R. Civ. P. 56(d).**

V. **CONLUSION AND ORDER**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Defendants' partial motion to dismiss (ECF 56) is converted into a motion for summary judgment; and
2. No later than 30 days from the date of service of this order, each party may file an additional brief and/or additional evidence they wish to be considered related to Defendants' argument that Plaintiff's state law claims should be dismissed for failure to comply with the Government Claims Act. If no additional evidence or argument is received, the Court will resolve the motion on the papers already submitted in connection with Defendants' motion to dismiss.
3. Each party has 21 days to file a response to the other party's supplement, if any.
4. Alternatively, the parties may file a request that the Court hold this motion in abeyance in order to permit the parties to take discovery needed to resolve this legal issue. Any such request should provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

IT IS SO ORDERED.

Dated: **June 30, 2025**                  /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

6