UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH,<br><br>  Plaintiff,<br><br>  v.<br><br>PHEIFFER, et al.,<br><br>  Defendants. | Case No. 1:22-cv-01412-KES-EPG (PC)<br><br>ORDER OVERRULING IN PART DEFENDANTS' OBJECTIONS TO PRODUCTION OF DOCUMENTS BASED ON THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 88) |

Plaintiff Michael Manjeet Singh is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 27, 2022. (ECF No. 9).[1] This case proceeds on Plaintiff claims against: (1) Defendants Veith and Fowler for excessive force in violation of the Eighth Amendment; (2) Defendants Veith, Fowler, and Diaz for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and (3) Defendants Veith, Fowler, and Diaz for state law claims of negligent failure to protect and failure to summon medical care.

Now before the Court is Defendants' Notice of Lodging of Documents for In Camera Review (ECF No. 88), which is construed as objections to the Court's Order Requiring Parties to Exchange Documents (ECF No. 78). Over 60 days have passed since Defendants filed their objections, and Plaintiff has not filed a response.

---

[1] On November 2, 2022, Plaintiff's case was transferred to this Court from the Northern District of California. (ECF No. 19). The Court notes that Plaintiff filed a duplicate copy of his original complaint on August 4, 2022, which was docketed as "Amended Complaint." (ECF No. 15).

1

Having reviewed the documents and audio recordings submitted for *in camera* review, the Court finds that Defendants' objections to production are overruled in part.

## I. BACKGROUND

This case proceeds on Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to serious medical needs based on Plaintiff alleging that Defendants took Plaintiff's wheelchair and "attack[ed] Plaintiff" by kicking and striking him in the head while he was on the ground. (ECF No. 28, at pp. 10, 17). Plaintiff alleges that he could not use his wheelchair to board the ambulance following the incident, and therefore, Defendants denied him medical treatment. (*Id.*). Plaintiff asserts related state law claims for negligent failure to protect and failure to summon medical care arising from the same "attack." (*Id.*).

The Court opened discovery on June 4, 2025. (ECF No. 78). To secure the just, speedy, and inexpensive disposition of this action, the Court directed the parties to exchange certain documents, including "[w]itness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s), if any." (ECF No. 78, at 2).

On September 17, 2025, Defendants filed a Notice of Lodging of Documents for In Camera Review, asserting official information privilege for withholding the Grievance Allegation Inquiry Report and exhibits, along with eight audio-recorded interviews related to Plaintiff's claims. (ECF No. 88). Defendants also submitted the Declaration of T. Redmon, the Grievance Coordinator at Kern Valley State Prison (KVSP), which describes these documents and recordings as being confidential under California Code of Regulations, Title 15, Section 3321. Redmon describes the risk that such documents could be given to other inmates, and that disclosure would reveal investigative techniques and potentially impede future investigations.

Redmon also asserts that the interview recordings and written summaries of nonparty inmates should not be produced because inmates might be less willing to speak to prison staff in the future if they believed their statements would be shared with other inmates and disclosure would subject them to potential retaliation. Even if the witness names were redacted, Redmon asserts that the content of the statements would allow Plaintiff to identify the witness(es), risking retaliation by other inmates.

Redmon argues that disclosure of audio-recorded interviews and written summaries of California Department of Corrections and Rehabilitation (CDCR) staff, including Defendants, would inhibit future staff witnesses from freely providing information to investigators, impeding the ability of the CDCR to conduct accurate and reliable inquiries into staff misconduct.

Finally, Redmon explains that the Grievance Allegation Inquiry Report contains personnel information such as badge numbers, personnel (PERNR) numbers, and work email addresses and phone numbers for Defendants and other CDCR staff members. Redmon argues that this information is protected from disclosure under state law. He asserts that inmates in CDCR facilities are subject to intense pressure from other inmates, including prison gang members, to disclose private information they may learn about CDCR staff and may use force to obtain the information, endangering the security of the facility and the safety of other inmates and staff.

On September 17, 2025, Defendants submitted the withheld documents to the Court for *in camera* review and provided Plaintiff and the Court with a privilege log of the documents. Specifically, Defendants submitted the following documents for *in camera* review:

- AGO 000081-155: The Office of Internal Affairs, Allegation Inquiry Management Section (AIMS) Grievance Allegation Inquiry Report (AIMS Inquiry No. C-AIMS-KVSP-1171-21) and Exhibits; and
- Eight Audio-Recorded Interviews Related to AIMS Inquiry No. C-AIMS-KVSP-1171-21.

Defendants certified that a copy of their Notice of Lodging of Documents for In Camera Review was mailed to Plaintiff on September 17, 2025. (ECF No. 88). Defendants also stated that they would serve a copy of their privilege log to Plaintiff separately, along with Redmon's declaration. (ECF No. 88, at 2).

To date, Plaintiff has not filed a response to Defendants' notice or their assertion of official information privilege.

## II.   LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Questions of privilege in federal civil rights cases are governed by federal law.

Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g.*, *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr*, 426 U.S. at 406); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

### III. ANALYSIS

With these legal standards in mind, the Court has reviewed the documents and audio recordings provided for *in camera* review. The Court finds that Defendants' objections to certain portions of documents and recordings should be overruled.

The documents submitted for *in camera* review include interview audio recordings, written interview summaries, and other documents, as follows:

- AGO 000081-155: AIMS Grievance Allegation Report, containing:
    - AGO 000082-84, 000136-140: summaries of interview with Plaintiff;
    - AGO 000086-87: summary of interview of Correctional Officer Pinedo;
    - AGO 000087-88: summary of interview of Psychiatric Technician Dillard;
    - AGO 000088-90: summary of interview of Correctional Officer Diaz;
    - AGO 000090-91: summary of interview of Correctional Officer Vieth;
    - AGO 000091-92: summary of interview of Correctional Officer Fowler;
    - AGO 000092-93: summary of interview of Correctional Captain Waddle;

- AGO 000094: Plaintiff's photograph;
- AGO 000096: DPP Disability/Accommodation Summary;
- Interview audio recording of Correctional Officer Pinedo;
- Interview audio recording of Psychiatric Technician Dillard;
- Interview audio recording of Correctional Officer Diaz;
- Interview audio recording of Correctional Officer Vieth;
- Interview audio recording of Correctional Officer Fowler;
- Interview audio recording of Correctional Officer Waddle; and
- Other inmate interview audio recordings

In considering the potential benefits of disclosure, the Court has considered whether the Grievance Allegation Report with interview summaries, audio recordings, photograph, and DPP Disability/Accommodation Summary are relevant to Plaintiff's claim of excessive force, deliberate indifference to serious medical needs, and state law claims of failure to protect and failure to summon medical care. The written witness interview summaries and audio recordings contain direct evidence regarding the incident in this case, including contemporary witness accounts of the event recorded close to the time to the incident that occurred. *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006). The photograph of the Plaintiff was identified by each witness during their interview, and the DPP Disability/Accommodation Summary is relevant to Plaintiff's use of a wheelchair at the time of the incident. Such evidence is directly relevant to this case and could be used as evidence at summary judgment or trial in this matter.

The Court has also evaluated Defendants' objections and considered the potential disadvantages of disclosing the written interview summaries, audio recordings, photograph, and DPP Disability/Accommodation Summary. The interview summaries for all CDCR staff and the audio recordings for Pinedo, Dillard, Diaz, Vieth, and Fowler are short and straightforward and do not reveal any confidential techniques that could undermine the effectiveness of such investigations in the future. Moreover, as discussed below, the Court is only requiring production of the written interview summaries themselves, not the entire Grievance Allegation Report or any related discussion or evaluation of those summaries that could reveal the institution's techniques, impressions or personnel information, such as badge numbers, personnel (PERNR) numbers, and

work email addresses and phone numbers for Defendants and other CDCR staff members. The Court disagrees that disclosing such interviews would cause witnesses in the future to be less truthful in similar investigations. On the contrary, the fact that witness statements may be used later in court would seem to encourage candor in such situations.

The Court has also examined the photograph, and the Court does not find any information that could reveal confidential techniques that could undermine the effectiveness of such investigations in the future or lead to future misconduct. Rather, the photograph merely shows Plaintiff's head and shoulders against a blank background. While Defendants submitted the DPP Disability/Accommodation Summary for *in camera* review, they make no objection or argument regarding the summary.

The Court finds that disclosure of these documents, or portions of documents, and audio recordings of Pinedo, Dillard, Diaz, Vieth, and Fowler would promote the truth-finding process because they contain details of the parties' actions and statements recorded close to the time that the relevant events occurred. *See Woodford*, 548 U.S. at 94–95. The Court finds that the disadvantages and risks identified in Defendants' objections do not outweigh the benefits that disclosure of these documents, or portions of documents, and recordings would have to this case. *Sanchez,* 936 F.2d at 1033-34.

The documents submitted to the Court also contain audio recordings and summaries of witness interviews of other inmates. After careful review of these summaries and recordings, the Court sustains Defendants' objections to their production and permits Defendants to withhold them from discovery. While these statements are relevant to the extent they concern the incident and/or Plaintiff's allegations at the time, based on the Court's review of their contents, the Court does not believe these witness summaries would substantially assist Plaintiff in proving his case because they either indicate a lack of information about the allegations, or are not supportive of Plaintiff's allegations. Disclosure of such witness summaries could risk retaliation against those witnesses. Moreover, future witnesses may be less willing to provide information to prison authorities if such information were made public.

Similarly, the Court sustains Defendants' objections to the production of Correctional Captain Waddle's audio-recorded interview. The recording includes a description of a separate

investigation for another inmate, unrelated and irrelevant to Plaintiff or his claims. Any relevant information Waddle provided was summarized in her written interview summary at AGO 000092-93. The Court finds that the disclosure of Waddle's audio recording could reveal information about other inmates participating in unrelated investigations, exposing inmate witnesses to potential retaliation from other inmates.

The Court sustains Defendants' objection to production of (1) the institution's analyses and opinions, and (2) CDCR personnel information such as badge numbers, personnel (PERNR) numbers, work email addresses and phone numbers for Defendants and other CDCR staff members. The analyses, opinions, and personnel information are not directly relevant to the case because they are not direct evidence of what took place, and disclosure could risk the safety and security concerns identified in Defendants' objections. As such, the Grievance Allegation Report may be produced in redacted form to include only the interview summaries of Plaintiff and CDCR staff, and not any other information including internal analysis or opinions regarding those summaries, or personnel information such as badge numbers, personnel (PERNR) numbers, and work email addresses and phone numbers for Defendants and other CDCR staff members.

After weighing the potential benefits with disadvantages of disclosure, the Court finds that Defendants are entitled to withhold the audio recordings and written summaries of other inmates, the audio recording of Waddle's interview, and the institution's analyses, opinions, and CDCR personnel and contact information under the official information privilege because the potential disadvantages of disclosure outweigh the relevance of the documents to the litigation.

## IV. CONCLUSION

For the foregoing reasons, Defendants' objection to production of documents and recordings (ECF No. 88) is overruled in part.

1. No later than 30 days from the date of this order, Defendants shall provide the following portion of documents[2] to Plaintiff:

---

[2] Only the portions of the documents described above, containing direct evidence and summary of witness accounts of the incident, shall be produced. Defendants may redact the institution's description of the process, analysis, conclusions of investigating staff, as well as personnel information such as badge numbers, personnel (PERNR) numbers, and work email addresses and phone numbers for Defendants and other CDCR staff members.

- AGO 000082-84, 000136-140: summaries of interview with Plaintiff;
- AGO 000086-87: summary of interview of Correctional Officer Pinedo;
- AGO 000087-88: summary of interview of Psychiatric Technician Dillard;
- AGO 000088-90: summary of interview of Correctional Officer Diaz;
- AGO 000090-91: summary of interview of Correctional Officer Vieth;
- AGO 000091-92: summary of interview of Correctional Officer Fowler;
- AGO 000092-93: summary of interview of Correctional Captain Waddle;
- AGO 000094: photograph of Plaintiff;
- AGO 000096: Plaintiff's DPP Disability/Accommodation Summary; and
- Interview audio recordings of Correctional Officers Pinedo, Diaz, Vieth, and Fowler, along with Psychiatric Technician Dillard.

2. Additionally, Defendants shall file a notice of compliance with the Court concurrently with production to Plaintiff.

IT IS SO ORDERED.

Dated: **December 3, 2025**             /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

8