UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN PHEIFFER, *et al*.,<br><br>Defendants. | Case No. 1:22-cv-01412-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT (1) DEFENDANTS' REQUEST FOR JUDICIAL NOTICE BE GRANTED; (2) PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE BE GRANTED; AND (3) DEFENDANTS' MOTION TO PARTIALLY DISMISS COMPLAINT, CONVERTED TO A MOTION FOR SUMMARY JUDGMENT, BE DENIED<br><br>(ECF NOS. 56, 57)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Michael Manjeet Singh ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on May 27, 2022.  (ECF No. 9).  This case proceeds on Plaintiff's claim against Defendants Veith and Fowler for excessive force in violation of the Eighth Amendment, Plaintiff's claim against Defendants Veith, Fowler, and Diaz for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and Plaintiff's state law claims against Defendants Veith, Fowler, and Diaz for negligent failure to protect and failure to summon medical care.  (ECF Nos. 28 and 34).

On September 27, 2024, Defendants Veith, Fowler, and Diaz (Defendants) filed a partial motion to dismiss Plaintiff's state law claims based on Plaintiff's alleged failure to

1

comply with the California Government Claims Act.  (ECF No. 56).  Defendants initially argued that dismissal was proper because, although Plaintiff timely filed a Claim with the Department of General Services' (DGS) Government Claims Program on October 25, 2021, he failed to pay $25 the filing fee or request a fee waiver.  In support of their motion, Defendants filed a Request for Judicial Notice of a March 20, 2022 letter from DGC to Plaintiff asking that Plaintiff submit the $25 filing fee or a fee waiver request in order to process his claim.  (ECF No. 57).

In his response to Defendants' motion, Plaintiff submitted a Request for Judicial Notice asking the Court to take judicial notice of Plaintiff's $25 check to the Government Claims Program dated April 14, 2022.  (ECF No. 65).  Plaintiff also submitted a Reply to Defendants' Notice of Motion and Motion to Partially Dismiss Complaint, (ECF No. 75) arguing that the government waived any defense based on deficiency of his claim by failing to timely notify Plaintiff of the lack of the fee.

Given that both parties asked the Court to consider evidence outside the complaint to resolve the motion, the Court converted Defendants' motion to dismiss to a motion for summary judgment and gave the parties an opportunity to submit additional evidence and argument.  (ECF No. 79).  Defendants filed a supplemental brief on July 30, 2025, which conceded that Plaintiff paid the necessary filing fee, but argued that the state law claims were nevertheless subject to dismissal because Plaintiff did not wait 45 days after submitting the fee before filing the complaint in this case.  (ECF No. 80).

For the reasons set forth below, the Court recommends granting Defendants' Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 57), granting Plaintiff's Request for Judicial Notice (ECF No 65), and denying Defendants' Partial Motion to Dismiss (ECF No. 56), which the Court has converted to a Motion for Summary Judgment.

## I.      BACKGROUND

### A.  Initial Case Proceedings

The first filing in this case is a letter from Plaintiff to the Northen District of California Court dated April 18, 2022, asking for the forms and other information to allow him to file a

1983 civil rights case. (ECF No. 1). On May 23, 2022, the Northern District of California dismissed Plaintiff's case without prejudice, advised Plaintiff that "Plaintiff may proceed with his claims, but he may not do so here," and provided additional instructions regarding filing a civil rights action in the Eastern District of California. (ECF No. 7).

On May 27, 2022, Plaintiff a complaint in the Northern District of California. (ECF No. 9). Plaintiff's complaint asserted constitutional and state law claims against correctional officers A. Diaz, Veith, and Fowler for an incident that occurred at Kern Valley State Prison on June 9, 2021. Plaintiff alleges that Defendants Veith and Fowler repeatedly kicked Plaintiff while he was on the ground, slapped Plaintiff in the face, and banged Plaintiff's head on the concrete floor. (*Id*. at p. 5). Plaintiff alleges that Defendants denied Plaintiff medical care after the incident. (*Id*.)

Regarding exhaustion, Plaintiff alleged in relevant part, "As for State Law Claims, Plaintiff filed a claim concerning these occurrences with the State Board of Control within six months of those occurrences (Government Claims Form (No. 2100.8396). Plaintiff will bring suit within six months of Boards failure to settle Plaintiff's claims as required by State law. Claim is still pending." (ECF No. 9).[1]

On November 2, 2022, Plaintiff's case was transferred to this Court from the Northern District of California. (ECF No. 19).

The Court screened Plaintiff's Complaint on April 3, 2023, and found the case should proceed on Plaintiff's Eighth Amendment excessive force claim against Defendants Veith and Fowler, Plaintiff's Eighth Amendment deliberate indifference to serious medical need claim against Defendants Veith, Fowler, and Diaz, and Plaintiff's state law negligent failure to protect and failure to summon medical care claims against Defendants Veith, Fowler, and Diaz. (ECF No. 28, at p. 17). The Court granted Plaintiff leave to file an amended complaint within 30 days of the screening order or alternatively choose to proceed only on the claims found cognizable in the screening order. (*Id.*). On September 27, 2023, Plaintiff filed a notice to

---

[1] The Court notes that Plaintiff filed a duplicate copy of his original complaint on August 4, 2022, which was docketed as "Amended Complaint." (ECF No. 15).

proceed on the cognizable claims. (ECF No. 34).

On October 11, 2023, the Court authorized service of Plaintiff's complaint on Defendants. (ECF No. 35).

**B. DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

**A. Defendants' Motion to Partially Dismiss Plaintiff's Complaint**

On September 27, 2024, Defendants filed a Motion to Partially Dismiss Plaintiff's Complaint. (ECF No. 56). Defendants argued that Plaintiff's state law claims were subject to dismissal for failure to comply with the California Government Claims Act. (ECF No. 56). Defendants stated that Plaintiff had conceded in this complaint that his Government Claims Act claim was "still pending," and that "[p]ublic records also show that Plaintiff's Government Claim had been returned to him on March 20, 2022, because Plaintiff had failed to pay the $25 filing fee or request a fee waiver, and there are no records showing Plaintiff ever resubmitted the Claim with the necessary filing fee or fee waiver form." (ECF No. 56-1, at p. 1-2).

In support of their motion, Defendant filed a Request for Judicial Notice (ECF No. 57) attaching a letter from DGS dated March 30, 2022, stating in part: "The documents you submitted on 10/19/2021, failed to comply with Government Code section 905.2(c). If you wish to file a claim with the Government Claims Program (GCP), please submit the $25 filing fee by check of money order made payable to the Government Claims Program (GCP)." (ECF No. 57, at p. 5).

**b. Plaintiff's Request to Take Judicial Notice**

On December 10, 2024, in response to Defendants' motion to dismiss, Plaintiff filed a request for the Court to take judicial notice of Check #1446 dated April 14, 2022, in the amount of $25 paid to the order of the Government Claims Program. (ECF No. 65). The check was date stamped by the Government Claims Program on May 2, 2022. (*Id.*)

**c. Defendant's Reply to Plaintiff's Opposition**

On December 20, 2024, Defendants filed their reply, construing Plaintiff's request for judicial notice as Plaintiff's opposition to Defendant's motion. (ECF No. 68). Defendants

4

argued that Plaintiff's opposition "completely fails to address the complaint's pleading deficiencies and does not dispute the accuracy of the judicially-noticeable Government Claims Program records." (*Id.* at p. 2). Moreover, Defendants argue the $25 check "only further establishes that Plaintiff was still in the process of completing the Government Claims Act process at the time he filed the operative complaint." (*Id.*)

### d.   Plaintiff's Response to Defendants' Motion to Dismiss

On January 31, 2025, Plaintiff filed a further response to Defendants' motion to partially dismiss Plaintiff's complaint. (ECF No. 75). Plaintiff argued that he substantially complied with the Government Claims Act because he paid the required filing fee once he was notified that the fee was required. Plaintiff also argued that pursuant to California Government Code § 911.3(b) and the case of *Sykora v. State Dep't of State Hospitals.,* 225 Cal.App.4th 1530, 1533 (2014), Defendants' defense as to the time limits for presenting a claim had been waived because the Government Claims Program failed to give notice to Plaintiff within 45 days after the claim was presented that the claim was not timely filed. Plaintiff's response again attached the $25 check to the Government Claims Program, along with a stamped copy of the check noting deposit by the State of California. (*Id.* at p. 16-17).

### e.   Order Converting to Motion for Summary Judgment

After reviewing Defendants' motion to partially dismiss and the documents submitted by both parties, the Court converted the motion to dismiss to one for summary judgment and granted the parties leave to file supplemental briefs and evidence. (ECF No. 79).

### f.   Defendants' Supplemental Brief

On July 30, 2025, Defendants filed a supplemental response. (ECF No. 80). Defendants now argue that the dispositive issue in the present motion is whether Plaintiff "failed to complete the Government Claims Act process before he filed the operative complaint." (*Id.* at p. 1-2). Defendants concede that Plaintiff's claim was timely submitted, but Defendants argue that because Plaintiff filed his complaint sooner than 45 days after submitting

the fee, Plaintiff's state law claims should be dismissed as prematurely filed.[2]

## II.     REQUESTS FOR JUDICIAL NOTICE

Both parties have filed requests for judicial notice regarding documents related to Plaintiff's submission of his claim to the Government Claims Board.  (ECF No. 57, 65).

The Federal Rules of Evidence permit a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Fed. R. Evid.* 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Fed. R. Evid.* 201(b)(1)–(2). *See also Coastkeeper v. United States International Boundary and Water Commission*, (S.D. Cal., Feb. 14, 2025, No. 3:24-CV-663-JES-VET) 2025 WL 509303, at *3 ("The Court takes judicial notice of the documents requested by the parties as they generally appear to be documents related to administrative proceedings before the Board.").

The Court recommends granting both parties' requests for judicial notice.  (ECF No. 57, 65).

## III.    UNDISPUTED FACTS

The relevant facts are undisputed:

- Plaintiff's state law claims stem from an incident that occurred at Kern Valley State Prison on June 9, 2021. (ECF No. 15, at p. 5).

- On October 19, 2021, Plaintiff submitted Claim 21008396 to the Government Claims Program regarding the incident at issue in Plaintiff's claims. (ECF No. 56-1, at p. 7).

- On March 30, 2022, the Government Claims Program sent Plaintiff a letter stating, in part: "The documents you submitted on 10/19/2021, failed to comply with Government Code section 905.2(c).  If you wish to file a claim with the Government

---

[2] Plaintiff filed a request for a 60-day extension of time to respond to the Court's order regarding supplemental briefing, (ECF No. 81), which the Court granted (ECF No. 82).  However, Plaintiff did not file a supplemental brief by the extended deadline.  It is worth noting that Plaintiff later filed a request for a 90-day extension of time due to a stroke, which the Court construed as a request for an extension of time to oppose Defendants' separate Motion for Summary Judgment, filed October 2, 2025.  (ECF No. 89).

Claims Program (GCP), please submit the $25 filing fee by check or money order made payable to the Government Claims Program (GCP)." (ECF No. 57, at p. 5).

- Plaintiff sent a check, dated April 14, 2022, for $25 to the Government Claims Program. (ECF No. 65, at p. 3).
- Plaintiff's $25 check was deposited by the State of California on May 2, 2022. (ECF No. 65, at p. 4).
- Plaintiff filed his complaint asserting state law claims against Defendants Diaz, Veith, and Fowler on May 27, 2022. (ECF No. 9)
- The Court authorized service of the complaint on Defendants on October 11, 2023. (ECF No. 35).

## IV.    LEGAL STANDARDS

### A.  Motion for Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Zetwick v. County. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) ("Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party

moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn;" the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed." *Anderson*, 477 U.S. at 255.

### B.  California's Government Claims Act

Under California's Government Claims Act,[3] "[a] claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2.  Moreover, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . ." Cal. Gov. Code, § 945.4.

"The failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity." *Sparks v. Kern County Bd. of Supervisors,* 173 Cal.App.4th 794, 798 (2009). "[T]he claims presentation requirement applies to all forms of monetary demands, regardless of the theory of the action." *Id.*

---

[3] This Act was formerly known as the California Tort Claims Act.  *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

"The public entity must act on the claim within 45 days after the claim was presented, unless the parties agree to extend the period. (Gov't Code, § 912.4(a), (b).) If the public entity fails to act within the time provided, the claim is deemed rejected. ([Gov't Code], § 912.4, subd. (c).) The public entity must provide written notice of its action on the claim or of the claim's rejection by operation of law. ([Gov't Code], § 913." *County of Los Angeles v. Superior Ct.*, 159 Cal.App.4th 353, 360 (2008). Additionally, "[t]he time for the Department of General Services to determine the sufficiency, timeliness, or any other aspect of the claim shall begin when any of the following occur: (1) The claim is submitted with the filing fee." Gov. Code, § 905.2(d).

## V.    ANALYSIS

Defendants' supplemental brief now concedes that Plaintiff properly submitted a Government Claim, including the filing fee, but nevertheless argues that Plaintiff's state law claims should be dismissed because Plaintiff filed this lawsuit fewer than 45 days after Plaintiff submitted the filing fee.  Specifically, Defendants argue as follows:

> Defendants concede that Plaintiff initially and timely submitted his Government Claim within six months after he accrued his claims regarding the alleged June 9, 2021 incident. Rather, Defendants assert that Plaintiff failed to timely *complete* the Government Claims Act process before he filed his state law causes of action against the Defendants. The undisputed material facts show that Plaintiff originally failed to submit the required $25 filing fee with his Government Claim. As explained in Defendants' previous briefing, the Government Claims Program's 45-day period to respond to Plaintiff's Government Claim only commenced once the claim was submitted with the necessary filing fee or fee waiver request. Cal. Gov't Code §§ 905.2(d)(1)-(3) & 911.2(b). The undisputed facts also show the Government Claims Program notified Plaintiff about the missing filing fee on March 30, 2022; Plaintiff then submitted the filing fee after receiving the notice (with a personal check that was dated April 14, 2022, and stamped as cashed on May 2, 2022); and Plaintiff was still waiting for the Government Claims Program to respond (or for their 45-day response period to expire) at the time he initiated this lawsuit (ECF No. 1, April 18, 2022), and at the time he filed the operative complaint (ECF No. 9, May 27, 2022). Plaintiff alleged his own non-compliance in the operative complaint, admitting that his submitted claim was "still pending" at the time the operative complaint was filed. (ECF No. 9 at 4.) These undisputed facts establish that Plaintiff had not completed the Government Claims Act process before he filed his state law causes of action against the Defendants.

(ECF No. 80, at p. 3).

9

In support of their claim, Defendants rely on Government Code section 905.2(d), which states that the time for the Department of General Services "to determine the sufficiency, timeliness, or any other aspect of the claim" begins when "the claim is submitted with the filing fee . . . ." Defendants thus argue that the earliest date that Plaintiff could have "commenced the claim" was April 14, 2022, and Plaintiff filed the first complaint in this lawsuit on May 27, 2022, which is only 43 days later. Construing all facts in favor of Plaintiff, as the Court must at summary judgment, Plaintiff thus filed his lawsuit 2 days early.

The Court has reviewed cases from California courts on the issue of whether a Plaintiff is barred from bringing a claim when the Plaintiff filed the claim prematurely as here.

The California Court of Appeal, Fourth District, addressed a similar argument in the case of *Cory v. City of Huntington Beach,* 43 Cal.App.3d 131 (1974). In that case, Plaintiff had filed the lawsuit two days after he filed his claim. The Superior Court granted Defendant's motion for summary judgment on the basis that Plaintiff's lawsuit was prematurely filed. The Court of Appeals reversed, stating in part:

> Under Government Code section 945.4[2] actions of the kind involved here against a local governmental unit may not be brought unless a claim has been filed with the entity and has been acted upon or deemed rejected by failure to act upon the claim within 45 days. (Gov. Code, § 912.4.[3]) Since plaintiff admits noncompliance with the 45-day waiting period, the only question on appeal is whether such noncompliance was a proper basis for granting the summary judgment.. . .
>
> (1) Where a proper claim has been filed against a local governmental entity, it is now recognized that the waiting period requirement is not part of the cause of action but a procedural condition precedent to suit. . . . Applying those principles to the case at bench, we readily conclude that a cause of action existed when the complaint was filed. Indeed, as plaintiff aptly points out, rejection of his claim against the city could not be a part of his cause of action since section 911.2 requires that his cause of action accrue *before* his claim can even be filed. Therefore, under *Radar* it follows that the defense of prematurity, if timely raised, merely would have been a ground for abatement of the action. (See 3 Witkin, Cal. Procedure (2d ed. 1971) pp. 2549–2552.)
>
> The city calls our attention to *Dorow v. Santa Clara County Flood Control Dist.*, 4 Cal.App.3d 389 [84 Cal.Rptr. 518], and *Wilson* v. *People* ex rel. *Dept. Pub. Wks.*, 271 Cal.App.2d 665 [76 Cal.Rptr. 906], as cases holding that strict compliance with the notice and rejection provisions of the Government Code is

a prerequisite to suit. In both of those cases plaintiffs failed to file any claim at all prior to commencing suit. Thus there was a total frustration of the statutory purpose. (3) However, in assessing the formal adequacy of a claim, courts have applied a test of substantial compliance. (See 2 Witkin, Cal. Procedure (2d ed. 1970) pp. 1023–1026.) Similarly, where the statutory purpose has been realized by other means, strict compliance has not been required. (*People* ex rel. *Dept. of Parks and Recreation* v. *West-A-Rama, Inc*., 35 Cal.App.3d 786, 794 [111

Cal.Rptr. 197];      *Jamison* v. *State of California*, 31 Cal.App.3d 513, 518 [107 Cal.Rptr. 496]; *Myers* v. *County of Orange*, 6 Cal.App.3d 626, 637 [86 Cal.Rptr. 198].)

(2b) We could not allow the city to prevail here without being guilty of the kind of legalistic myopia which brings the law into disrepute. Even assuming that the city gave serious consideration to plaintiff's claim rather than merely turning it over to its insurer, the city could not have been prejudiced by the premature filing of the action since the complaint was not served until the time period had run. Thus the defect had ceased to exist before the city was even formally notified that suit had been brought.

To call the city's defense "highly technical" would not be an overstatement. (See *Radar v. Rogers, supra*, 49 Cal.2d 243, 249.) As was said in a strikingly similar situation: "[I]t is clear that the filing of an action after the submission of a proper claim, assuming it to have been premature because of a failure to wait until there had been a rejection of the claim, should not result in a disposition of the matter which has no relation to its merits. In the present case, the complaint was not filed too late but, rather, several days before the rejection of the claim. At the time the answer of the city was filed, the city had received every benefit which a provision for rejection prior to suit is intended to serve." (*Taylor v. City of Los Angeles, supra*, 180 Cal.App.2d 255, 263.)

*Id.* at 133–36.

However, not all courts have followed *Cory*.  Notably, the Court of Appeals, Second District, held otherwise in the case of *Lowry v. Port San Luis Harbor Dist.*, 56 Cal.App.5th 211 (2020).  In that case, the Court of Appeals affirmed dismissal on the pleadings where the Plaintiff filed his complaint on the same day he filed a request to file a late claim.  In declining to follow *Cory*, the *Lowry* court pointed to the California Supreme Court's decision in *DiCampli-Mintz v. County of Santa Clara,* 55 Cal.4th 983, 991(2012), which held that Plaintiff in that case was barred by the Government Claims Act where Plaintiff had not delivered the claim to the statutorily designated recipient. *Id.* at 991.  Although *DiCampli-Mintz* concerned presentation of the claim, rather than premature filing of the complaint, the *Lowry* court

11

nevertheless determined that the same result should apply to prematurely filed claims. *Id.* at 219.

Following *Lowry,* the Court of Appeal, Fifth District in *Malear v. State of California,* 89 Cal.App.5th 213, 217–218 (2023), addressed the issue again and followed *Cory* in holding that a Plaintiff may proceed with the lawsuit despite filing the lawsuit before the 45-day claims review period had ended.  The *Malear* court explained:

> By itself, the premature commencement of a lawsuit against a public entity does not deprive the entity of its ability to consider a pending government claim, whether for immediate purposes or for fiscal and other types of planning. Nor does the mere filing of a premature complaint cause the public entity to incur litigation costs, as the various statutory deadlines for appearing in an action are triggered by service of the summons and complaint. (See Code Civ. Proc., §§ 412.20, subd. (a)(3) [time for responding to complaint], 430.40, subd. (a) [time for demurring], 435, subd. (b)(1) [time for moving to strike].) Thus, for practical purposes, the lawsuit here did not begin in earnest until defendants were served with Malear's first amended complaint, at which point defendants' investigation and consideration of Malear's claim was already complete.

*Id.* at 224–225.  The *Malear* Court acknowledged the contrary holding in *Lowry*, but stated that "[t]he weight of authority supports this conclusion. As *Lowry* recognized, the appellate courts of this state have long 'found compliance with the Act even though complaints were filed prematurely.' (*Lowry*, *supra*, 56 Cal.App.5th at pp. 219, 220–221, 270 Cal.Rptr.3d 264, citing *Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131, 117 Cal.Rptr. 475 (*Cory*), *Savage v. State* (1970) 4 Cal.App.3d 793, 796, 84 Cal.Rptr. 650, and *Taylor v. City of Los Angeles* (1960) 180 Cal.App.2d 255, 4 Cal.Rptr. 209 (*Taylor*).)"  *Id.* at 221.  The *Malear* court also noted that the California Supreme Court, in *State of California v. Superior Court ("Bodde")* 32 Cal.4th 1234, 1243–1244 (2004), cited approvingly this line of cases, despite holding that the complaint in that case was subject to dismissal for failing to allege compliance with the Government Claims Act.  *Id.* at 714; citing *Bodde*, 32 Ca.4th at 1245 ("The cases cited by plaintiff and the Court of Appeal do not dictate a contrary conclusion. Each of these cases involved the *premature* filing of a complaint against a public entity even though the plaintiff had submitted a timely claim to the entity (see *Radar v. Rogers* (1957) 49 Cal.2d 243, 246, 317 P.2d 17 (*Radar* ); *Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131, 133, 117

Cal.Rptr. 475 (*Cory* ); *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757, 768, 66 Cal.Rptr. 776 (*Petersen* ); *Taylor v. City of Los Angeles* (1960) 180 Cal.App.2d 255, 258, 4 Cal.Rptr. 209 (*Taylor* )) . . .").

Within this district, the court in *Franklin v. City of Kingsburg*, No. 1:18-CV-0824 AWI SKO, 2023 WL 2976285, at *6 (E.D. Cal. Apr. 17, 2023), *reconsideration denied,* No. 1:18-CV-00824-SKO, 2024 WL 3202424 (E.D. Cal. June 26, 2024), followed *Cory* and *Malear* in allowing a plaintiff to proceed despite the complaint had been filed prematurely, where the complaint had not been served on defendants until after the review period had elapsed. Specifically, in that case, Plaintiff filed the complaint on March 26, 2018, but served it sometime in May of 2018, after the public agency had rejected the Government Claims Act claim on April 15, 2018. *Id*. at *1. The *Franklin* Court denied Defendant's motion for judgment on the pleadings based on premature filing of the complaint, stating:

> Applying *Malear* and *Cory* to the facts of this case, although the Original Complaint was filed on March 26, 2018, the City was not served with the Original Complaint until sometime in May 2018, but no earlier than May 15, 2018.[6] However, the City had already rejected Franklin's CGCA claim on April 15, 2018. Thus, at least one month prior to being served with the Original Complaint, the City had investigated Franklin's CGCA complaint, could begin to take potentially corrective actions to avoid similar incidents if it desired, decided not to settle the matter, and incurred zero litigation expenses. The purpose of the CGCA is to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," as well as to "enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future." City of Stockton v. Superior Ct., 42 Cal.4th 730, 738 (2007); Malear, 89 Cal.App.5th at 224. Thus, the purposes of § 945.4 had been fulfilled, and the City had obtained every benefit of the claim presentation requirement, because the City was not served with the Original Complaint until after Franklin's CGRA complaint had been denied. See City of Stockton, 42 Cal.4th at 738; Malear, 89 Cal.App.5th at 221-26; Cory, 43 Cal.App.3d at 146; see also Andrews v. Metro Transit System, 74 Cal.App.5th 597, 607 (2022) (explaining that the doctrine of substantial compliance excuses strict compliance when there is "actual compliance in respect to the substance essential to every reasonable objective of the statute."). Under *Malear* and *Cory*, Franklin has adequately satisfied the requirements of § 945.4. Therefore, judgment on the pleadings is not appropriate.

*Id.* at *6.

The Court finds the reasoning of *Cory, Malear,* and *Franklin* to be persuasive. Because Plaintiff otherwise satisfied the requirements of the Government Claims Act, Plaintiff's complaint was filed approximately 2-days short of the 45 day review period, and Defendants were not served until over a year after the review period had ended, the Court recommends denying Defendants' motion and allowing Plaintiff to proceed with his state law claims.

## V.   CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 57) be **GRANTED**;

2. Plaintiff's Request for Judicial Notice (ECF No. 65) be **GRANTED**; and

3. Defendants' Motion to Partially Dismiss Complaint (ECF No. 56), which has been converted to a Motion for Summary Judgment (ECF No. 79), be **DENIED**.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. Objections and responses are limited to fifteen (15) pages. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 15, 2026**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE