UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH, | Case No. 1:22-cv-01412-KES-EPG |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| PHEIFFER, *et al.*, | |
| Defendants. | (ECF No. 100) |

Plaintiff Michael Singh ("Plaintiff") is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on May 27, 2022. (ECF No. 9). This case proceeds with Plaintiff's claim against Defendants Veith and Fowler for excessive force in violation of the Eighth Amendment, Plaintiff's claim against Defendants Veith, Fowler, and Diaz for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and Plaintiff's state law claims against Defendants Veith, Fowler, and Diaz for negligent failure to protect and failure to summon medical care. (ECF Nos. 28 and 34).

Before the Court is Plaintiff's Motion for Appointment of Counsel filed on January 30, 2026. (ECF No. 100). Plaintiff cites several reasons why the Court should appoint him counsel, such as being unable to afford counsel, the complexity of the case and its facts, prison lockdowns and limited time to access the law library, and suffering from "major and frequent bouts of

1

dizziness, nausea, vomiting, and also issues with memory, cognitive impairment" as the result of a "major" stroke. (*Id.* at 2). In support of these reasons, Plaintiff attached the declaration of M. Woods and B. Byrnel, prisoners seemingly incarcerated with Plaintiff who have provided assistance by pushing him in his wheelchair, or by observing one of his bouts of dizziness or memory issues. (*Id.* at pp. 8-12).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court finds that appointment of counsel is not warranted here.  Plaintiff's filings show that he can reasonably explain the facts and legal claims at issue.  The legal issues involved are not extremely complex, and Plaintiff is able to articulate those claims adequately. Additionally, Plaintiff has filed frequent requests for extensions of time to respond to certain items due to access to law materials or prison lockdowns, which the Court has granted.

Moreover, it is too early to determine Plaintiff's likelihood of success on the merits or whether the case will proceed to trial. This case is in the discovery phase and the Plaintiff has yet to be deposed by Defendants. (*See* ECF No. 98). At this preliminary stage of the case, there is no indication of the presence of complex legal issues warranting a finding of exceptional circumstances in which the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery, this is not the test).

2

Accordingly, the Court will deny Plaintiff's request for counsel (ECF No. 4) without prejudice.

IT IS SO ORDERED.

Dated:    **February 2, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

3