UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH, | Case No.  1:22-cv-01412-KES-EPG (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER |
| PHEIFFER, et al., | |
| Defendants. | (ECF No. 115) |

On May 26, 2026, Plaintiff filed a document entitled Declaration Supporting Motion to Extend Scheduling Order to Serve Rule 34 Motion Upon Defendants. (ECF No. 115). Plaintiff seeks to modify the Court's Scheduling Order to extend the non-expert discovery deadline to allow him to propound additional requests for production of documents. Plaintiff states that he is "presently…going through a steady requirement of medical scheduled appointment(s)" and is "experiencing reoccurring, debilitating pain, trauma, fatigue of mind and body with forgetfulness and self-awareness." (*Id.* at 4). Plaintiff seeks an extension of time to allow "documents, medical report, psych evaluations, physical examination, and the tracking of interfacility files to be obtained from subdivisional housing, clinic (satellites) and OSH held in the community …." (*Id.* at 2).

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), To establish good cause, the party seeking the

modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order, *Id,* The Court may also consider the prejudice to the party opposing the modification, *Id,* If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify, *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002),

Upon consideration, the Court will deny Plaintiff's motion to modify the scheduling order, because Plaintiff has not set forth good cause or shown due diligence in pursuing discovery documents or seeking an extension.

Non-expert discovery has been open since June 4, 2025, and closed on April 27, 2026. (ECF Nos. 78, 104). Plaintiff has not described his efforts to obtain documents while non-expert discovery was open. Plaintiff's current motion was filed after the expiration of non-expert discovery.

While Plaintiff states that he was not able to request all of his discovery during this time, Plaintiff has made numerous filings with the Court during this period, including an objection to production of documents (ECF No. 105), motions for extension of time (ECF No. 81, 90), an opposition brief to summary judgment (ECF NO. 96), and a motion to appoint counsel (ECF No. 100).

Moreover, this case has been pending since 2022.  The dispositive motion deadline is July 23, 2026.  Modification of the schedule at this time would result in prejudice to the other parties in this case.

It is also worth noting that on June 4, 2025, the Court *sua sponte* ordered the parties to produce essential documents relevant to this case, including:

a, Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals, if any.

b, Documents regarding a Rules Violation Report associated with the incident(s) alleged in the complaint, including disciplinary charges and findings, if any.

c, Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s), if any.

d, Incident reports regarding any use of force incident(s) alleged in the complaint,

2

if any.

e, Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, if any.

f, Chronos for transfer or Administrative Segregation placement related to the incident(s) alleged in the complaint, if any.

(*Id.* at 2). On August 4, 2025, Defendants filed a Notice of Compliance with the Court's Order for the Parties to Exchange Initial Documents (ECF No. 83) and a Notice of Compliance with the Court's Discovery Order (ECF NO. 93) on December 19, 2025.

Accordingly, Plaintiff's Declaration Supporting Motion to Extend Scheduling Order to Serve Rule 34 Motion Upon Defendants (ECF No. 115) is DENIED.

IT IS SO ORDERED.

Dated:   **May 29, 2026**                    /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE

3