0

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL MANJEET SINGH,

Plaintiff,

v.

VEITH, et al.,

Defendants.

Case No. 1:22-cv-01412-KES-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

(ECF No. 112)

Plaintiff Michael Manjeet Singh is a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims against: (1) Defendants Veith and Fowler for excessive force in violation of the Eighth Amendment; (2) Defendants Veith, Fowler, and Diaz for failure to protect; (3) Defendants Veith, Fowler, and Diaz for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and (4) Defendants Veith, Fowler, and Diaz for state law claims of negligent failure to protect and failure to summon medical care. (ECF Nos. 37, 63).

In a motion dated May 15, 2026, Plaintiff seeks an order from the Court sanctioning Defendants for their "misrepresentations of documents." (ECF No. 112). Plaintiff cites *Islamic Shura Council of S. California v. F.B.I.*, 278 F.R.D. 538, 539 (C.D. Cal. 2011), *rev'd,* 725 F.3d 1012 (9th Cir. 2013), and *rev'd,* 757 F.3d 870 (9th Cir. 2014) and argues that sanctions are warranted "in this case in the very same manner." (*Id.* at 1). As a sanction, Plaintiff requests the

1

Court order Defendants to reimburse his $405 filing fee. (*Id.*).

The Court will deny the motion.

As an initial matter, Plaintiff does not identify a specific misrepresentation, or which Defendant allegedly made the misrepresentation. He also does not allege how *Islamic Shura Council of S. California v. F.B.I.* relates to his case or is relevant since the Ninth Circuit Court of Appeals reversed the order granting sanctions and vacated the award of fees. *Islamic Shura Council of S. California v. F.B.I.*, 725 F.3d 1012 (9th Cir. 2013). As such, Plaintiff presents no basis for an order of sanctions.

Further, the Court directs Plaintiff to Federal Rule of Civil Procedure 37, which generally governs sanctions. Should Plaintiff file a future motion for sanctions, he should provide a developed argument as to what sanctions he seeks and why they are appropriate. *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that a motion must "state with particularity the grounds for seeking [an] order").

Accordingly, IT IS ORDERED that Plaintiff's motion for sanctions (ECF No. 112) is denied without prejudice.

IT IS SO ORDERED.

Dated:    **June 1, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

2