UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH,<br><br>Plaintiff,<br><br>v.<br><br>VIETH, et al.,<br><br>Defendants. | Case No. 1:22-cv-01412-KES-EPG (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO PRODUCTION OF DOCUMENTS<br><br>(ECF No. 105) |

Plaintiff Michael Manjeet Singh is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 13, 2026, Plaintiff filed an Objection to Production of Documents Request. (ECF No. 105). Plaintiff objects to Defendants' request for production of documents seeking "[a]ll documents you intend to use at trial" as irrelevant, privileged, and overbroad. (ECF No. 105 at 1). Plaintiff argues that he "may intend to use the documents to develop and/or implement strategies at trial and thus [the documents are] covered by the work product doctrine." (*Id.*). Plaintiff is "withhold[ing] the responsive materials until the Court rules on this objection." (*Id.* at 2).

On April 16, 2026, the Court ordered Defendants to respond to the objection. (ECF No. 106). On April 29, 2026, Defendants filed their response brief, arguing that "Defendants' request for all documents that Plaintiff intends to use at trial seeks highly relevant information and is inherently narrow in scope." (ECF No. 108 at 1). Defendant argues that the documents are relevant under Federal Rule of Evidence 401 and requests that "[a]t the minimum, Plaintiff should

1

be ordered to produce any documents that were not prepared in anticipation of litigation and disclose Plaintiff's factual account of what occurred on the date of the incident." (*Id.* at 2).

Plaintiff did not file a reply brief.

## I.    LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Discoverable information "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

Under Federal Rule of Civil Procedure 34(a), any party may serve on any other party a request within the scope of Federal Rule of Civil Procedure 26(b) to produce and permit the party making the request to inspect and copy any designated documents which are in the possession, custody, or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1)(A). "[A] request is sufficiently clear if it places the party upon reasonable notice of what is called for and what is not." *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (internal quotation marks and citation omitted).

The work product doctrine protects documents and tangible things from discovery if they were prepared by a party or his attorney in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A). "To qualify for work product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or for that other party's representative.'" *United States v. Richey,* 632 F.3d 559, 567 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena,* 357 F.3d 900, 907 (9th Cir.2004)). A party must identify which documents were prepared in anticipation of litigation. *United States v. ChevronTexaco Corp.,* 241 F.Supp.2d 1065, 1080–84 (N.D.Cal.2002). "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney

or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

**II.      ANALYSIS**

The Court overrules Plaintiff's objection to produce "[a]ll documents you intend to use at trial." Plaintiff's objection argues that some of those documents may be protected by the work-production doctrine.

Plaintiff misconstrues the work-product doctrine. Plaintiff does not argue that the documents themselves are the product of his mental impressions, conclusions, or legal theories concerning the litigation. Instead, he argues that he "may" use "the documents to develop and/or implement strategies at trial and thus [the documents are] covered by the work product doctrine." (ECF No. 105 at 1). Plaintiff does not argue that the documents were a product of his mental impressions, conclusions, or opinions, or even that his impressions have been memorialized in a document. Rather he states that he might use his trial exhibits as a reference for developing or implementing a litigation strategy at some time in the future.

Courts have found a request for production of documents a party intends to use at trial permissible. *See Clinton v. Cal. Dep't of Corr.*, 2:05-cv-1600-LKK-CMK (P), 2009 WL 1617811, at *1 (E.D. Cal. June 9, 2009) (granting defendants motion to compel plaintiff "to produce all documents he intends to use at trial"); *see also Peralta v. Swetalla*, No. 1:18-cv-01023-DAD-EPG, 2021 WL 916055 (E.D. Cal. Mar. 10, 2021) (overruling work-product objection and ordering defendants to produce documents they intend to use at trial).

Likewise, the Court rules that Plaintiff must produce the documents he intends to use at trial. The Court notes that its ruling is limited to the trial exhibit documents. Plaintiff is not required to disclose his "mental impressions, conclusions, opinions, or legal theories…concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

Based on the foregoing, Plaintiff's Objection to Production of Documents Request (ECF No. 105) is OVERRULED.
IT IS SO ORDERED.

Dated:    **June 4, 2026**                              /s/ Erica P. Grosjean

                                                    UNITED STATES MAGISTRATE JUDGE