UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL MANJEET SINGH,

Plaintiff,

v.

WARDEN PHEIFFER, et al.,

Defendants.

Case No. 1:22-cv-01412-KES-EPG (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF LEAVE TO AMEND

Docs. 56, 57, 65, 97

Plaintiff Michael Manjeet Singh is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 27, 2022. Doc. 9. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 15, 2026, the assigned magistrate judge issued findings and recommendations recommending that: (1) defendants' Request for Judicial Notice (Doc. 57) be granted; (2) plaintiff's Request for Judicial Notice (Doc. 65) be granted; and (3) defendants' Motion to Partially Dismiss Complaint, converted to a Motion for Summary Judgment (Doc. 56), be denied. Doc. 97. The parties were notified that any objections to the findings and recommendations were due within 30 days after service. *Id.* at 14. Defendants timely filed objections. Doc. 102. Plaintiff did not file any objections and the deadline to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, including defendants' objections, the court finds that the findings and recommendations are supported by the record and proper analysis. In their objections, defendants argue that plaintiff's state law claims should be dismissed because, when plaintiff filed his complaint on May 27, 2022, he filed it two days prematurely and plaintiff noted that his government claim (which he filed with the relevant agency pursuant to the California Government Claims Act) remained pending. Doc. 102 at 1. The parties do not dispute that plaintiff filed his complaint two days before the expiration of the forty-five-day response period provided by the Government Claims Act for the agency to respond to plaintiff's claim. *See* Doc. 97 at 10, Doc. 102 at 3. However, by the time defendants were deemed served with the complaint in this case over a year later, after screening by the court and after the issuance of summonses on October 11, 2023, that 45-day response period was long completed. *See* Doc. 36 (summons issued); Doc. 38 (defendants' notice of intent to waive service).

In *Malear v. State of California*, the plaintiff filed his complaint before his government claim had been rejected, and before the response period had expired, but before the defendants appeared in the action he filed a first amended complaint alleging denial of his government claim. *Malear v. State of California*, 89 Cal. App. 5th 213 (2023). Given that the amended complaint superseded the prematurely filed original complaint, the *Malear* court found the plaintiff had substantially complied with the presentation requirement of the Government Claims Act. *Id.* Respondents argue that the substantial compliance doctrine no longer applies, but the *Malear* decision in 2023 reaffirmed the ongoing validity of that doctrine. The *Malear* decision also cited approvingly to earlier California cases that defendants argue this court should disregard, such as *Cory v. City of Huntington Beach*, 43 Cal. App. 3d 131 (Ct. App. 1974). *See Malear*, 89 Cal. App. 5th at 221–22 (noting "*Cory* is particularly instructive"). The *Malear* court addressed the issue of the applicability of the substantial compliance doctrine after *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983 (2012), and found that "[f]airly read, *DiCampli-Mintz* did not purport to abrogate the substantial compliance doctrine in all cases subject to the Government Claims Act." *Id.* at 223–25.

Here, defendants were not served with the complaint until October 11, 2023. Plaintiff's filing of the complaint on May 27, 2022, did not deprive defendants of the opportunity to investigate plaintiff's state law claims before litigating this case, as the 45-day time period was satisfied long before defendants were served with the complaint. As such, the findings and recommendations correctly reasoned that plaintiff substantially complied with the Government Claims Act and that the state law claims are properly before the court.

Accordingly:

1. The findings and recommendations issued on January 15, 2026, Doc. 97, are adopted;
2. Defendants' request for judicial notice, Doc. 57, is granted;
3. Plaintiff's request for judicial notice, Doc. 65, is granted;
4. Defendants' motion to partially dismiss complaint, which has been converted to a motion for summary judgment, Doc. 56 (*see* Doc. 79), is denied; and
5. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: September 29, 2026

UNITED STATES DISTRICT JUDGE